IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RHINELANDER HERNANDEZ,**

      **Movant,**

**v.**                                               **Case No. 5:23-cv-00003**
                                                    **Case No. 5:15-cr-00033-1**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant Rhinelander Hernandez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 United States Code §2255, (ECF No. 150),[1] a Motion for Leave to Proceed *in forma pauperis*, (ECF No. 151), and Respondent's Motion to Dismiss, (ECF No. 155). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned **DENIES** Movant's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 151), as he is not required to pay any fees with a § 2255 motion; consequently, the Motion is moot. For the following reasons, the undersigned respectfully **RECOMMENDS** that Hernandez's Motion to Vacate, (ECF No. 150), be **DENIED;** Respondent's Motion to Dismiss, (ECF No. 155), be **GRANTED,** and this matter be **DISMISSED** and removed from the docket of the court. Given that the undersigned

---

[1] ECF Numbers come from the underlying criminal case, Case No. 5:15-cr-00033-1.

1

conclusively **FINDS** that a motion under § 2255 does not provide a remedy for Hernandez, an evidentiary hearing is not warranted. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

I.      **Relevant History**

In 2015, Hernandez entered into a plea agreement and pled guilty to distribution of heroin in violation of 21 U.S.C. § 841(a)(a). (ECF Nos. 39, 46). The Court applied the career offender sentencing enhancement and sentenced him to 120 months' imprisonment and 5 years of supervised release. (ECF Nos. 46 at 2–3, 59 at 18). Under the United States Sentencing Guidelines, a defendant is a career offender if he is at least 18 years old at the time of the instant offense, the instant offense is a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions which are crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1 (2015). Hernandez's instant offense, distribution of heroin, was a controlled substance offense, and he had two prior felony convictions: one federal conviction for distribution of cocaine, and one state conviction for conspiracy to commit a felony in violation of W. Va. Code § 61-10-31, with the underlying felony charge being delivery of a schedule II narcotic controlled substance, in violation of W. Va. Code § 60A-4-401(a). (ECF Nos. 49 at 7, 149 at 6). Before sentencing, Hernandez argued that his state conviction should not have counted as a predicate offense for the career offender enhancement, because it was not a "controlled substance offense" within the meaning of the Guidelines. (ECF No. 42 at 1). The Court rejected that argument and applied the career offender enhancement. (ECF No. 59 at 18).

Relevant to the instant motion, Hernandez filed a Renewed Motion for Compassionate Release in February 2021, followed by a supplemental motion in January

2022. (ECF Nos. 133, 136). He argued that he was entitled to release, in part, because the career offender sentencing enhancement would not apply if he were sentenced for the same conviction in 2022. (ECF No. 136 at 1). Hernandez based this argument on a recent decision by the United States Court of Appeals for the Fourth Circuit, which held that a conviction under W. Va. Code § 60A-4-401(a) was not a controlled substance offense supporting career offender status. *United States v. Campbell,* 22 F.4th 438, 444 (4th Cir. 2022). While the decision did not apply retroactively to Hernandez's sentence, had he been convicted in 2022 instead of 2015, his sentence range under the Guidelines would have been 24 to 30 months' incarceration. By this time, Hernandez had already served 111 months. (ECF No. 149 at 5, n.1, 7–8). Recognizing the injustice in the sentencing disparity, the Court granted his motion for compassionate release on December 22, 2022. (*Id.*). Hernandez was released from prison on December 30, 2022. *See* Federal Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/.

Several days after the Court granted his release, Hernandez filed the instant § 2255 Motion, requesting that his five-year sentence of supervised release also be reduced to time served, because he had already spent six more years in prison than he would have spent incarcerated and on supervised release if he were sentenced today. (ECF No. 150 at 2). Respondent moves to dismiss the § 2255 Motion, arguing that Hernandez's request is moot because he has already been released from custody. (ECF No. 155). Respondent ignores, however, the substance of Hernandez's motion; that being, his request that his supervised release be terminated. (*See id.*).

## II. Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the

3

movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States, the court imposing the sentence lacked jurisdiction, the sentence exceeded the maximum authorized by law, or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence." *Merritt v. United States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). If the prisoner is clearly not entitled to relief, the court may in its discretion decide not to hold an evidentiary hearing. 28 U.S.C. § 2255(b); *United States v. King*, 679 Fed. Appx. 297, 299 (2017).

### III. Discussion

Hernandez requests this Court extend the relief granted by the compassionate release order and terminate his supervised release. Contrary to Respondent's assertion, Hernandez's Motion is not moot, because he requests termination of his ongoing term of supervised release. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Hatfield v. United States*, No. 5:10-CV-00128, 2013 WL 790008, at *1 (S.D.W. Va., Mar. 4, 2013) ("A movant's § 2255 [motion] remains viable while he is serving a term of supervised release."). However, there is no statutory basis to terminate his supervised release at this time. The relief he seeks is not available through a § 2255 motion, because a § 2255 motion only affords relief where a constitutional or statutory error invalidated the challenged conviction or sentence. As the Court noted in its order granting compassionate release, Hernandez's sentence was not invalidated by the Fourth Circuit's interpretation of the career offender guideline, because the change was not made retroactive to cases on collateral review. (ECF No. 149 at 5, n.1).

Accordingly, § 2255 could not be used to attack Hernandez's sentence of imprisonment, and it cannot now be used to attack his term of supervised release. *See United States v. Spencer*, 521 F. Supp. 3d 606, 610 (E.D. Va.), *aff'd*, 853 Fed. Appx. 833 (4th Cir. 2021) ("[M]isapplication of the career offender Guideline does not fall within the scope of § 2255."). It is unlikely that this Court could have chosen to terminate Hernandez's supervised release when he ordered Hernandez be released from prison, since the compassionate release statute, 18 U.S.C. § 3582, makes no reference to reducing or eliminating a term of supervised release. *See United States v. Razz,* 387 F. Supp. 3d. 1397, 1405 (S.D. Fla. 2019) (collecting cases); *United States v. Guess,* 541 F. Supp. 2d 399, 405 (D. Me. 2008) (finding that the compassionate release statute, § 3582, did not allow for the reduction or termination of supervised release). But Hernandez may be able to obtain the relief he seeks in the future. Once he has completed one year on supervised release, Hernandez may file a motion to terminate the supervised release under 18 U.S.C. § 3583. It would be in the Court's discretion to terminate his supervised release, if it decides that termination is in the interest of justice and warranted by Hernandez's conduct on release. But presently, there is no apparent statutory authority to terminate Hernandez's supervised release. Accordingly, the undersigned **FINDS** that Hernandez's motion should be dismissed.

### IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Hernandez's Motion to Vacate, (ECF No. 150), be **DENIED**; Respondent's Motion to Dismiss (ECF No. 155) be **GRANTED**; and this matter be **DISMISSED** and removed from the docket of the court. The parties are notified that this "Proposed Findings and

Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**:  June 13, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge